No. 838

First Circuit

## HILL v. ROGERS

(October 7, 1931.  Opinion and Decree.)
(December 8, 1931.  Rehearing Refused.)

Rownd & Warner, of Hammond, attorneys for plaintiff, appellee.

B. M. Harvard, of Hammond, attorney for defendant, appellant.

MOUTON, J.  Plaintiff, Aleck Hill, and Erastus Rogers, defendant, entered into a written contract to raise strawberries.

The defendant agreed to furnish the land, teams, wagon, mule, plows for the cultivation of the crop, and dwelling.

Plaintiff was to furnish the labor, fertilizer, and obligated himself to pay for the picking and packing of the strawberries, which was to be done by defendant and Mrs. Rogers, his wife; and in case plaintiff drew any amount from defendant for supplies, the same so drawn was to be deducted from the portion of the proceeds of the crop coming to plaintiff.

It is admitted that the total sum realized from the proceeds of the crop amounted to $536.44, giving to each of the litigants one-half thereof, $268.22.

Plaintiff alleges that after making proper deduction from his share for expenses he had to bear under the contract, and the advances he received from defendant, he is entitled to recover from the latter the sum of $135.80, with legal interest thereon from June 1, 1930.

The lower court rendered judgment in favor of plaintiff for a balance of $61.22, from which this appeal is taken.

The defendant contends that for the advances and expenses made to plaintiff by him, and for the destruction of a pen and fence posts on his property by plaintiff, plaintiff is indebted to him in the sum of $312.41, which overlaps the share of plaintiff in the proceeds of the crop by the sum of $44.19, which is claimed by defendant in reconvention.

There is an itemized account annexed to defendant's answer showing the various items upon which he bases his reconventional demand.

It is clearly established that defendant advanced plaintiff $82 through Wright and Anderson and loaned him $14 for which he is liable under the terms of the contract. These are the two first items on the account.

The third item represents a claim of $10 for strawberry plants that defendant claims he furnished. Plaintiff under the contract agreed to furnish all labor to raise the plants. There is no provision therein that he should furnish the plants. This item is therefore denied.

The fourth item is for plowing the land by defendant. The evidence on this claim is of a doubtful character, and not sufficient to support it, thus entailing its denial. There is nothing in the contract that plaintiff was to pay one-half for pine straw which defendant claims he furnished, for which he is claiming $10. The proof is that it is customary for the farmer or landowner to furnish the straw. Such being the custom, and as there is no provision in the agreement that plaintiff was to furnish it, this item, No. 5, is also rejected.

Items Nos. 6, 62 cents for pint boxes; 7, $81.54 for picking strawberries; 8, $37 for packing them; 9, one-half of $55 for crates, that is, $27.75—all charged against plaintiff, will be allowed, as plaintiff is bound thereunto under the terms of the contract.

Item No. 10, for groceries advanced to plaintiff amounting to $2.50, which is fully sustained by the evidence of Mrs. Rogers, defendant's wife, will be allowed.

As to item No. 11, for cash advanced plaintiff to buy a cord of wood, the proof is unsatisfactory, and it is disallowed. Nor is the proof sufficient to show that plaintiff destroyed by fire a hogpen valued at $10 and for which he is charged on the account. This will also be denied.

It is shown, however, that he dug up from defendant's land twenty fence posts and burned them for firewood, for which he is properly charged for $5.

The items approved by us as hereinabove stated amount to a total of $250.41.

Plaintiff is entitled to $268.22, as hereinabove explained. The deduction of $250.41 for which plaintiff is responsible, leaves a balance in favor of plaintiff of $17.81, instead of $61.22, decreed below.

The judgment will therefore be amended and reduced in accordance with that finding.

It is therefore ordered and decreed that the judgment appealed from be and is hereby amended and reduced to the sum of $17.81; and as thus amended is affirmed.

Plaintiff to pay the cost of appeal, defendant to pay other costs.